Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NATHAN DYKMAN,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**LIFE INSURANCE COMPANY OF NORTH AMERICA,**<br><br>    **Defendant.** | **Case No. 3:20-cv-1547**<br>**COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)** |

### I. PARTIES

1. *Dykman*. Plaintiff Nathan Dykman is a resident of Beaverton, Oregon and at all

times material was employed as a software engineer by Providence St. Joseph Health

("Providence").  Plaintiff is a beneficiary, as defined by ERISA § 3, 29 U.S.C. § 1002(8), of a

**COMPLAINT - Page 1 of 5**

long-term disability ("LTD") insurance policy issued by defendant Life Insurance Company of North America (the "LTD Plan").

2.      ***LINA***. Defendant Life Insurance Company of North America ("LINA"), a subsidiary of Cigna Corporation, issued to Providence, Dykman's employer, a policy of insurance insuring the LTD Plan.  LINA was the claims administrator of the LTD Plan within the meaning of 29 U.S.C. § 1002(16)(A) and administered Dykman's claim for benefits under the LTD Policy

## II.      JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, *et seq*., 29 U.S.C. § 1132(a)(1)(B), (3), and (e)(1).  Venue is proper under 29 U.S.C. § 1132(e)(2) because, *inter alia*, a defendant resides or may be found in this district.

## III.      NATURE OF THE CASE

4.      Plaintiff was diagnosed with multiple sclerosis ("MS") in 2011.  Plaintiff left his position with Providence on or about September 8, 2018, as the result of disabling symptoms of MS and submitted a claim for benefits through the LTD Plan.  LINA acknowledged that plaintiff suffers from relapsing remitting MS, but denied his LTD claim, asserting his medical record did not demonstrate an impairment precluding him from performing his own occupation.  Plaintiff requested review through a pre-litigation appeal pursuant to the LTD Plan's terms and ERISA regulations and LINA denied plaintiff's appeal.

## IV.      FACTS

5.      Plaintiff was hired by Providence on or about May 1, 2017.

**COMPLAINT - Page 2 of 5**                    Megan E. Glor, Attorneys at Law
                                                707 NE Knott Street, Suite 101
                                                Portland, OR  97212
                                                (503) 223-7400

6.      On or about September 8, 2018, plaintiff became disabled by symptoms of MS, including cognitive dysfunction and fatigue, and a dry eye condition that resulted in blurred and double vision.

7.      Plaintiff received short-term disability ("STD") benefits through Providence's group STD coverage for the maximum STD benefit period of six months.

8.      In or about January 2019, plaintiff applied to LINA for benefits through the LTD Plan by reason of his continuing disability.

9.      By letter dated April 5, 2019, LINA denied plaintiff's LTD claim. While LINA acknowledged that plaintiff suffers from relapsing remitting MS, LINA asserted that findings on file did not demonstrate an impairment that would preclude him from performing his own occupation.

10.     By letter dated October 1, 2019, through counsel, plaintiff submitted a pre-litigation appeal of LINA's claim denial decision, and submitted additional letters and documents supporting his claim and appeal from October 2019 through May 2020.

11.     By letter dated May 22, 2020, LINA denied plaintiff's pre-litigation appeal and upheld its claim denial and stated plaintiff had exhausted all administrative levels of appeal.

## V.    CLAIMS

### FIRST CLAIM – CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE BENEFITS RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

12.     Plaintiff realleges paragraphs 1 through 11, above.

13.     Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), plaintiff is entitled to (1) recover benefits due under the LTD Plan that were wrongfully withheld commencing

**COMPLAINT - Page 3 of 5**

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
(503) 223-7400

March 7, 2019, (2) enforce his rights under the terms of the LTD Plan, and (3) clarify his right to future benefits under the terms of the LTD Plan.

### SECOND CLAIM – CLAIM TO ENFORCE TERMS OF THE LTD PLAN UNDER ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

14.     Plaintiff re-alleges paragraphs 1 through 13, above.

15.     Pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21), LINA is responsible for the approval, payment, and/or denial of benefits under the terms of the LTD Plan and, accordingly, is a fiduciary under ERISA.

16.     ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1) (C), 29 U.S.C. § 1104(a), states in relevant part that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

17.     LINA has violated its obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the LTD Plan and has breached its fiduciary duty to plaintiff.

18.     As a direct and proximate result of LINA's acts and omissions, plaintiff has suffered losses and is entitled to relief under ERISA against LINA.

19.     Plaintiff seeks recovery of all losses, including, but not limited to, relief compelling LINA to restore to plaintiff all losses, including interest, arising from LINA's breaches of fiduciary duties.

20.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or

**COMPLAINT - Page 4 of 5**

enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), plaintiff seeks equitable remedies, including, without limitation, relief from LINA's unjust enrichment, as well as disgorgement, restitution, estoppel and surcharge arising out of LINA's failure to administer the terms of the LTD Plan.

### THIRD CLAIM – CLAIM FOR ATTORNEY FEES AND COSTS UNDER ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)

21.     Plaintiff re-alleges paragraphs 1 through 20, above.

22.     Plaintiff is entitled to his attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

### VI.     REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1.  Enter judgment in plaintiff's favor for damages in an amount to be proven at trial to provide plaintiff all benefits due under the LTD Plan.

2.  Enter judgment in plaintiff's favor establishing plaintiff's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan;

3.  Award plaintiff his attorney fees;

4.  Award plaintiff prejudgment interest; and

5.  Order such other relief as this Court deems just and proper.

DATED this 8th day of September, 2020.

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw,  OSB No. 065086
Email: john@meganglor.com
Attorneys for Plaintiff

**COMPLAINT - Page 5 of 5**

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
(503) 223-7400